IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY THOME, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: ) |
| NOVATIME TECHNOLOGY, INC., | ) ) |
| Defendant. | ) ) ) ) |

**NOTICE OF REMOVAL**

Defendant NOVAtime Technology, Inc. ("NOVAtime") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In this action, Plaintiff Timothy Thome brings claims on behalf of himself and a putative class. Thome alleges Defendants violated the Illinois Biometric Information Privacy Act, "BIPA," 740 ILCS 14/15. (Ex. 1, Compl. ¶¶ 69-96.) This Court has jurisdiction under both 28 U.S.C. § 1332 and the Class Action Fairness Act ("CAFA") because complete diversity exists, the proposed class consists of over 100 members, and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332, 1441, 1446, 1453(b).

**I.   THOME'S ALLEGATIONS**

1. Thome alleges that, "while employed by Flexicorps," he "was required to scan his fingerprints to 'clock-in' and 'clock-out' of work using a NOVAtime Biometric Data Reader." (Ex. 1, Compl. ¶¶ 46-47.) Thome further alleges "NOVAtime subsequently stored Plaintiff's fingerprint data in its systems and/or databases." (Ex. 1, Compl. ¶ 48.)

2. Thome claims that NOVAtime violated BIPA by allegedly (1) failing "to provide a publicly available retention schedule," (2) failing to "obtain[] the written release required by 740 ILCS 14/15(b)(3)," and (3) "disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information." (Ex. 1, Compl. ¶¶ 75, 84, 95.)

3. Thome seeks to represent a class not just of other Flexicorps employees who used NOVAtime time clocks, but "all individuals in the State of Illinois" who used their fingerprints with NOVAtime time clocks during the applicable statutory period. (Ex. 1, Compl. ¶ 59.)

## II. GROUNDS FOR REMOVAL

4. There are two independent bases for this Court's jurisdiction: (A) the Class Action Fairness Act, 28 U.S.C. § 1332(d), and (B) diversity jurisdiction under 28 U.S.C. §1332(a).

### A. The Class Action Fairness Act

5. This Court has jurisdiction under CAFA over putative class actions in which (1) minimal diversity exists; (2) the proposed class consists of least 100 members; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1332(d)(5)(B) (requiring at least 100 members in proposed class); 1453(b) (permitting removal of class actions under section 1446); and 1446 (permitting removal).

6. *First*, minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, Thome alleges he is a citizen of Illinois. (Ex. 1, Compl. ¶ 18.) Under § 1332, corporations are considered citizens of their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1).

NOVAtime is incorporated in California, and its principal place of business is Rancho Cucamonga, California. (Ex. 1, Compl. ¶ 19, Ex. 2, Articles of Incorporation.)

7. *Second*, Thome purports to bring this action on behalf of "all individuals in the State of Illinois who had their fingerprints, hand geometry, or other biometric data collected, captured, received, or otherwise obtained or disclosed by NOVAtime during the applicable statutory period." (Ex. 1, Compl. ¶ 59.) Thome further alleges that in Illinois, "NOVAtime provides its Biometric Data Readers to companies in the healthcare, security, and manufacturing industries, amongst others" and that "the class is so numerous that joinder of all members is impracticable." (Ex. 1, Compl. ¶¶ 2, 60.) Indeed, based on information available to NOVAtime, thousands of individuals used the fingerprint scanning function on NOVAtime time clocks in Illinois during the alleged class period. (Ex. 3, Decl. of B. Grinwis ¶ 3.) Accordingly, the proposed class consists of more than 100 members in accordance with CAFA's requirement. 28 U.S.C. § 1332(d)(5)(B).

8. *Third*, the amount in controversy plausibly "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). Defendants need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (internal citation omitted). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, … the case belongs in federal court unless it is ***legally impossible*** for the plaintiff to recover that much." *Id*. at 764 (citation omitted) (emphasis added).

3

9. The proposed class in this case is comprised not merely of all Flexicorps employees, but of "[a]ll individuals in the State of Illinois" who had their fingerprints "collected, captured, received, or otherwise obtained or disclosed by NOVAtime during the applicable statutory period." (Ex. 1, Compl. ¶ 59.) As noted above, based on information available to NOVAtime, more than 1,001 individuals in Illinois used the fingerprint scanning functionality on NOVAtime time clocks during the alleged class period. (Ex. 3, Decl. of B. Grinwis ¶ 3.) Because the complaint alleges that *each* member of the class is entitled to statutory damages of up to $5,000 for *each* violation of the statute, even if Thome alleged only one statutory violation per person, the stakes exceed $5,000,000 (1,001 X $5,000 = $5,005,000). *See Blomberg*, 639 F.3d at 763 (holding "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence").

**B.   Diversity Jurisdiction**

10. This court also has diversity jurisdiction over cases where (1) the matter is between "citizens of different states," and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Both requirements are satisfied here.

11. With regard to the first factor, complete diversity exists because Thome and NOVAtime are citizens of different states. As discussed above, Thome is a citizen of Illinois and NOVAtime is a citizen of California.

12. The second factor is also satisfied, as the amount in controversy could exceed $75,000. Under § 1332(a) (unlike under CAFA), "the amount in controversy must be satisfied by one of the named plaintiffs; aggregating claims is not allowed for purposes of determining the jurisdictional amount." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). But as with the amount in controversy under CAFA, "unless recovery of an amount exceeding the jurisdictional minimum is *legally impossible*, the case belongs in federal court." *Grinnell Mut.*

4

*Reinsur. Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) (internal quotation marks omitted) (emphasis added).

13. Here, Thome alleges he was "required to scan his fingerprint *each* time he began and ended his workday at Flexicorps." (Ex. 1, Compl. ¶ 49 (emphasis added).) He further alleges that he "has *continuously* and *repeatedly* been exposed to the risks and harmful conditions created by NOVAtime's violations of BIPA." (Ex. 1, Compl. ¶ 53 (emphasis added).) Thome asks for "statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS § 14/20(1)." (Ex A, Compl. at 21 (Prayer for Relief) (italics in original).)

14. Thome's "complaint and BIPA together can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time [Thome] clocked in and out of work." *Peatry v. Bimbo Bakeries USA, Inc.*, 2019 WL 3824205, at *3 (N.D. Ill. Aug. 7, 2019).[1] According to NOVAtime's records, Thome clocked in and out of Flexicorps more than 16 times. (Ex. 3, Decl. of B. Grinwis ¶ 4.) Thus, even if Thome sought to recover under only one section of BIPA, the amount in controversy possibly exceeds $75,000 (16 X $5,000 = $80,000).

### III. COMPLIANCE WITH REMOVAL STATUTE

15. Finally, the procedural requirements for removal have been satisfied. The notice is timely because it was filed within 30 days of service. 28 U.S.C. § 1446(b). NOVAtime was served on August 21, 2019. (Ex. 4, Proof of Service.) The deadline to file this notice is thus September 20, 2019. In addition, pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have

---

[1] NOVAtime disputes that this measure of damages is proper under BIPA.

been filed or served on NOVAtime in the Circuit Court of Cook County action are attached hereto. (Ex. 1, Compl.; Ex. 4, Proof of Service; Ex. 5, Motion for Class Certification and Continuance). Finally, NOVAtime provided written notice of this notice to counsel for Thome, and it has filed a copy of this notice with the clerk of the Circuit Court of Cook County. 28 U.S.C. § 1446(d).

Dated: September 19, 2019                                   Respectfully submitted,

/s/ Martin L. Roth
Martin L. Roth
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200
martin.roth@kirkland.com

*Counsel for NOVAtime Technology, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2019, the foregoing document was filed using the CM/ECF system and I caused the foregoing document to be electronically transmitted via electronic mail and U.S. mail to the following:

Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com

Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
bwise@pwcklegal.com
plesko@pwcklegal.com

    Respectfully submitted,

    /s/ Martin Roth