# Exhibit 1

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 12/12/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
        Cook County, IL

FILED
8/14/2019 2:10 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09380

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TIMOTHY THOME, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.    2019CH09380 ) ) |
| NOVATIME TECHNOLOGY, INC., | )   JURY TRIAL DEMANDED ) |
| Defendant. | ) |

6181017

### CLASS ACTION COMPLAINT

Plaintiff Timothy Thome ("Thome" or "Plaintiff"), by and through his attorneys, individually and on behalf of all others similarly situated (the "Class"), brings the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against NOVAtime Technology, Inc. ("NOVAtime" or "Defendant"), its parents and subsidiaries, to redress and curtail Defendant's unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. Defendant NOVAtime Technology, Inc. is a provider of automated time and attendance solutions which provides software and data collection timeclocks to companies across an array of industries. NOVAtime designs and manufactures the subject timeclocks. NOVAtime designs and administers the software that operate the subject time clocks. NOVAtime also provides the servers that host the biometric data utilized by the subject timeclocks.

1

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

2.      Chief among the products NOVAtime manufactures are biometric time keeping devices including fingerprint readers and other similar devices (collectively referred to as "Biometric Data Readers") which require scans of users' biometric data in order for those users to clock in and out of work. Upon information and belief, in Illinois alone NOVAtime provides its Biometric Data Readers to companies in the healthcare, security, and manufacturing industries, amongst others.

3.      NOVAtime requires users to scan their biometric identifiers, namely their fingerprints or hand geometry, when using Biometric Data Readers as an authorization method to track their time at work by using a scan of that biometric information to clock in and out of work shifts and/or meal breaks. Once a user has registered his or her fingerprint or hand geometry with a Biometric Data Reader, that information is retained in NOVAtime's database(s).

4.      According to its website, NOVAtime "provides complete Time and Attendance / Workforce Management solutions that are fully equipped with badge time clocks, biometric time clocks, proximity time clocks, and web-based kiosk devices, as well as integration capabilities with     virtually     any     human     resource     or     payroll     application."     (*See* http://www.novatime.com/aboutus-whyNOVAtime.aspx,     accessed     on     August     13,     2019). According to its website, "NOVAtime tracks employee time, attendance and projects accurately while helping to control labor costs, minimize compliance risks and increase productivity." (*Id.*). Further, according to its website, "NOVAtime hardware products are of the highest quality in the industry, with programs that utilize the latest technology to identify employees via hand geometry, fingerprint, proximity card, barcode, or ID key-in." (*Id.*).

5.      Unlike ID badges or key fobs– which can be changed or replaced if stolen or compromised – fingerprints and hand geometry are unique, permanent biometric identifiers

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

associated with each individual. This exposes individuals who use NOVAtime's Biometric Data Readers to serious and irreversible privacy risks. For example, if a database containing fingerprints, hand geometry, or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the recent Google+, Equifax, Uber, Facebook/Cambridge Analytica, and Marriott data breaches or misuses – individuals have **_no_** means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

6.      Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as hospitals and pharmacies – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

7.      In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

8.      An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and a facial photograph – of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.

FILED DATE: 8/14/2019 2:10 PM  2019CH09380

9.      In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

10.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, specifically to regulate companies that collect, store and use Illinois citizens' biometrics, such as fingerprints.

11.     Notwithstanding the clear and unequivocal requirements of the law, NOVAtime disregards its Biometric Data Readers users' statutorily protected privacy rights and unlawfully collects, stores, disseminates, and uses individuals' biometric data in violation of BIPA. Specifically, NOVAtime has violated and continues to violate BIPA because it did not and continues not to:

    a.  Properly inform Plaintiff and others similarly situated in writing of the specific purposes and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

    b.  Receive a written release from Plaintiff and others similarly situated to collect, store, or otherwise use their fingerprints, as required by BIPA;

    c.  Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' fingerprints, as required by BIPA; and

    d.  Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party as required by BIPA.

12.     Plaintiff and other similarly-situated individuals are aggrieved because they were not: (1) informed in writing of the purposes and length of time for which their fingerprints were being collected, stored, disseminated and used; (2) provided a publicly available retention schedule

4

FILED DATE: 8/14/2019 2:10 PM 2019CH09380

or guidelines for permanent destruction of the biometric data; and (3) provided (nor did they execute) a written release, as required by BIPA.

13.     Upon information and belief, NOVAtime improperly discloses its Biometric Data Readers users' fingerprint data to other, currently unknown, third parties, including but not limited to NOVAtime's clients and/or other third parties that host biometric data in their data center(s).

14.     Upon information and belief, NOVAtime lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and has not and will not destroy their biometric data as required by BIPA.

15.     Biometric Data Reader users have a proprietary right to control their biometric information. In failing to comply with the requirements of BIPA, NOVAtime intentionally interferes with each user's right of possession and control over their valuable, unique, and permanent biometric data.

16.     NOVAtime is directly liable for, and had actual knowledge of, the BIPA violations alleged herein.

17.     Accordingly, Plaintiff seeks an Order: (1) declaring that NOVAtime's conduct violates BIPA; (2) requiring NOVAtime to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

### PARTIES

18.     Plaintiff Timothy Thome is a natural person and a citizen of the State of Illinois.

19.     Defendant NOVAtime is a corporation existing under the laws of the State of Illinois, that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County. Upon information and belief, NOVAtime is a California

corporation with its principal, place of business located at 9680 Haven Avenue, Suite 200 in Rancho Cucamonga, California.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over Defendant pursuant to 735 ILCS § 5/2-209 because it conducts business transactions in Illinois, committed statutory violations and tortious acts in Illinois, and is registered to conduct business in Illinois.

21. Venue is proper in Cook County because Defendant is authorized to conduct business in this State, Defendant conducts business transactions in Cook County, and Defendant committed the statutory violations alleged herein in Cook County and throughout Illinois.

## FACTUAL BACKGROUND

### I. The Biometric Information Privacy Act

22. In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

23. In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who

6

FILED DATE: 8/14/2019 2:10 PM  2019CH09380

used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

24.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

25.     Additionally, to ensure compliance, BIPA provides that, for <u>each</u> violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS 14/20.

26.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

    a.  Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

    b.  Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    c.  Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

27.     BIPA specifically applies to individuals who work in the State of Illinois.

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

28.     Biometric identifiers include retina and iris scans, voiceprints, scans of face geometry, and – most importantly here – scans of hand geometry and fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

29.     BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

30.     BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

31.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at heightened risk for identity theft and left without any recourse.

32.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for

8

which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

33.     Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

## II.     NOVAtime Violates the Biometric Information Privacy Act.

34.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented using individuals' biometric data stopped doing so.

35.     However, NOVAtime failed to take note of the shift in Illinois law governing the collection, use and dissemination of biometric data. As a result, NOVAtime continues to collect, store, use, and disseminate Illinois citizens' biometric data in violation of BIPA.

36.     Specifically, when individuals first use a NOVAtime Biometric Data Reader, they are required to have their fingerprints or hand geometry scanned in order to enroll them in NOVAtime's database(s).

37.     Unfortunately, NOVAtime fails to inform these individuals that it is collecting, storing or using their sensitive biometric data, the extent of the purposes for which it collects their sensitive biometric data, or to whom the data is disclosed, if at all.

38.     NOVAtime fails to provide individuals a written, publicly-available policy identifying its retention schedule and guidelines for permanently destroying individuals' biometric data when the initial purpose for collecting or obtaining their biometrics is no longer relevant, as required by BIPA.

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

39.     In addition, NOVAtime profits from the use of individuals' biometric data. For instance, NOVAtime markets its biometric time clocks to employers as superior options to traditional timeclocks, which can be deceived by "buddy punching" – where one employee punches in or out of a timeclock for another (absent) employee. By marketing its clocks in this manner, NOVAtime obtains a competitive advantage over other timeclock companies and secures profits from its use of biometric data, all while failing to comply with the minimum requirements for handling individuals' biometric data established by BIPA.

40.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA highlights why such conduct – where individuals are aware that they are providing biometric data but not aware to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as fingerprints and hand geometry, who exactly is collecting their biometric data, where it will be transmitted and for what purposes, and for how long. NOVAtime disregards these obligations and individuals' statutory rights and instead unlawfully collects, stores, uses and disseminates individuals' biometric identifiers and information, without ever receiving the individual's informed written consent, as required by BIPA.

41.     Remarkably, NOVAtime has created the same situation that Pay by Touch did by assembling a database of biometric data through broadly deployed fingerprint and hand geometry scanners, but failed to comply with the law specifically designed to protect individuals whose biometrics are collected in these circumstances. NOVAtime disregards these obligations and Illinois citizens' statutory rights and instead unlawfully collects, stores, uses, and disseminates individuals' biometric identifiers and information without ever receiving the individual's informed written consent required by BIPA.

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

42.     Plaintiff and others similarly situated are not told what might happen to their biometric data if and when NOVAtime merges with another company or worse, if and when NOVAtime's business folds, or when the other third parties that have received their biometric data businesses fold.

43.     Since NOVAtime neither publishes a BIPA-mandated data-retention policy nor discloses the purposes for its collection and use of biometric data, individuals are left in the dark regarding the extent to which NOVAtime sells, discloses, re-discloses, or otherwise disseminates their biometric data, to whom, and when. Moreover, Plaintiff and others similarly situated are not told to whom NOVAtime currently discloses their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

44.     These violations have raised a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

45.     By and through the actions detailed above, NOVAtime disregards Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

**III.     Plaintiff Thome's Experience**

46.     Plaintiff Timothy Thome was an employee at Flexicorp, Inc. ("Flexicorps"), an Illinois corporation headquartered at 2570 Foxfield Road, Suite 200, Saint Charles, Illinois. While employed by Flexicorps, Thome was assigned a temporary position at Plano Molding in November 2017.

47.     Plaintiff was required to scan his fingerprints to "clock-in" and "clock-out" of work using a NOVAtime Biometric Data Reader so they can be used as an authorization method to track his time.

11

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

48.     NOVAtime subsequently stored Plaintiff's fingerprint data in its systems and/or databases.

49.     Plaintiff was required to scan his fingerprint each time he began and ended his workday at Flexicorps.

50.     Plaintiff has never been informed of the specific limited purposes or length of time for which NOVAtime collected, stored, used and/or disseminated his biometric data.

51.     Plaintiff has never been informed of any biometric data retention policy developed by NOVAtime, nor has he ever been informed of whether NOVAtime will ever permanently delete his biometric data.

52.     Plaintiff has never been provided with nor ever signed a written release allowing NOVAtime to collect, store, use or disseminate his biometric data.

53.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by NOVAtime's violations of BIPA as alleged herein.

54.     No amount of time or money can compensate Plaintiff if his biometric data is compromised by the lax procedures through which NOVAtime captured, stored, used, and disseminated his and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided his biometric data if he had known that his data would be retained for an indefinite period of time without his consent.

55.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

FILED DATE: 8/14/2019 2:10 PM 2019CH09380

56.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by NOVAtime. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

57.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, Plaintiff brings claims on his own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

58.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it first (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

59.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 § ILCS 5/2-801 for the following class of similarly-situated individuals under BIPA:

> All individuals in the State of Illinois who had their fingerprints, hand geometry, or other biometric data collected, captured, received, or otherwise obtained or disclosed by NOVAtime during the applicable statutory period.

60.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

> A.     The class is so numerous that joinder of all members is impracticable;
>
> B.     There are questions of law or fact that are common to the class;

FILED DATE: 8/14/2019 2:10 PM    2019CH09380

C.      The claims of the Plaintiff are typical of the claims of the class; and,

D.      The Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

61.     The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from NOVAtime's records.

### Commonality

62.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by NOVAtime's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.      Whether NOVAtime collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

B.      Whether NOVAtime properly informed Plaintiff and the Class of its purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

C.      Whether NOVAtime obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

D.      Whether NOVAtime has disclosed or re-disclosed Plaintiff's and the Class's biometric identifiers or biometric information;

E.      Whether NOVAtime sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

F.      Whether NOVAtime developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of its last interaction with the individual, whichever occurs first;

G.      Whether NOVAtime complies with any such written policy (if one exists);

14

FILED DATE: 8/14/2019 2:10 PM    2019CH09380

H.      Whether NOVAtime used Plaintiff's and the Class's fingerprints to identify them;

I.      Whether NOVAtime's violations of BIPA have raised a material risk that Plaintiff's and the Class's biometric data will be unlawfully accessed by third parties;

J.      Whether the violations of BIPA were committed negligently; and

K.      Whether the violations of BIPA were committed intentionally and/or recklessly.

63.     Plaintiff anticipates that NOVAtime will raise defenses that are common to the class.

## **Adequacy**

64.     Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and the class members. Plaintiff, moreover, has retained experienced counsel that are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

## **Typicality**

65.     The claims asserted by Plaintiff are typical of the class members he seeks to represent. Plaintiff has the same interests and suffer from the same unlawful practices as the class members.

66.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

**Predominance and Superiority**

67.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

68.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for NOVAtime and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

69.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

70.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically,

16

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

71.     NOVAtime fails to comply with these BIPA mandates.

72.     Defendant NOVAtime Technology, Inc. is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

73.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by NOVAtime (in the form of their fingerprint), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

74.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

75.     NOVAtime failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

76.     Upon information and belief, NOVAtime lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

77.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring NOVAtime to comply with BIPA's requirements for the collection, storage,

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

dissemination, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## SECOND CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information

78.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

79.     BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purposes and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

80.     NOVAtime fails to comply with these BIPA mandates.

81.     Defendant NOVAtime Technology, Inc. is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

82.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by NOVAtime (in the form of their fingerprint), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

83.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

84.     NOVAtime systematically and automatically collected, used, stored and disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

85.     NOVAtime did not inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did NOVAtime inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

86.     By collecting, storing, using and disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, NOVAtime violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

87.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring NOVAtime to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

FILED DATE: 8/14/2019 2:10 PM    2019CH09380

**THIRD CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and**
**Information Before Obtaining Consent**

88.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

89.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

90.     NOVAtime fails to comply with this BIPA mandate.

91.     Defendant NOVAtime Technology, Inc. is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

92.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by NOVAtime (in the form of their fingerprint), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

93.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

94.     NOVAtime systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

95.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, NOVAtime violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

96.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by

FILED DATE: 8/14/2019 2:10 PM 2019CH09380

requiring NOVAtime to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Timothy Thome respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Timothy Thome as Class Representative, and appointing Stephan Zouras, LLP and Peiffer Wolf Carr & Kane, APLC, as Class Counsel;

B. Declaring that NOVAtime's actions, as set forth above, violate BIPA;

C. Awarding statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D. Declaring that NOVAtime's actions, as set forth above, were intentional or reckless;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring NOVAtime to collect, store, use, destroy and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

F. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

21

FILED DATE: 8/14/2019 2:10 PM   2019CH09380

Date:   August 14, 2019

Respectfully Submitted,

/s/ Andrew C. Ficzko
Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com
Firm ID: 43734

/s/ Brandon M. Wise
Brandon M. Wise – IL Bar # 6319580
Paul A. Lesko – IL Bar # 6288806
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@pwcklegal.com
Email: plesko@pwcklegal.com
Cook County Atty # 62258

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on August 14, 2019, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

/s/ Andrew C. Ficzko

FILED DATE: 8/14/2019 2:10 PM   2019CH09380