IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY THOME, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NOVATIME TECHNOLOGY, INC.,<br><br>*Defendant*. | Case No. 1:19-cv-06256<br><br>Hon. Matthew F. Kennelly |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Motion in Support of Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and Memorandum in support of the Motion, the Class Action Settlement Agreement and Release ("Settlement Agreement") between Plaintiff Timothy Thome, for himself individually and on behalf of the Settlement Class, and Defendant NOVAtime Technology, Inc. (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. The terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement was negotiated at arms-length and in good faith between the Parties, who were represented by

1

experienced class action counsel familiar with the legal and factual issues of this case and was reached with the assistance of the Hon. Morton Denlow (Ret.) of JAMS Chicago.

3. Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the proposed Class Representative will fairly and adequately protect the interests of the Settlement Class, and that class treatment is an appropriate method for the fair and efficient adjudication of the Action.

4. The Court hereby preliminarily approves the Settlement Agreement in the total amount of Four Million and One Hundred Thousand Dollars ($4,100,000.00), including preliminary approval of the Fee Award in the amount of $1,365,300.00, consistent and pursuant to the terms and conditions of the Settlement Agreement, including but not limited to the Confession of Judgment and Assignment of all of NOVAtime and its parent company Ascentis Corporation's rights under the applicable and relevant insurance policies as fully described in the Settlement Agreement.

5. The Court hereby preliminarily certifies, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the following Settlement Class consisting of:

> All individuals who were enrolled in a NOVAtime biometric timekeeping system and subsequently used a NOVAtime timeclock that utilized a fingerprint, hand-geometry, or other biometric verification method in the State of Illinois from August 14, 2014 and [Preliminary Approval].
>
> Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this action and members of their families, (2) the defendant, defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest, (3) persons who properly

execute and file a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors or assigns of any such excluded persons.

6. For settlement purposes only, Plaintiff Timothy Thome is appointed as Class Representative.

7. For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

> Ryan F. Stephan
> James B. Zouras
> Andrew C. Ficzko
> STEPHAN ZOURAS, LLP
> 100 N. Riverside Plaza, Suite 2150
> Chicago, Illinois 60606
> Tel: 312-233-1550
> rstephan@stephanzouras.com
> jzouras@stephanzouas.com
> aficzko@stephanzouras.com
>
> Brandon M. Wise
> Peiffer Wolf Carr Kane
> & Conway, APLC
> 818 Lafayette Ave., Floor 2
> St. Louis, Missouri 63104
> Tel: 314-833-4825
> bwise@peifferwolf.com

8. The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of class certification in the Action in all other contexts and for all other purposes should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and the Action resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

9. The Court approves the proposed plan for giving Notice to the Settlement Class as fully described in the Settlement Agreement. The plan for giving Notice, in form, method, and content, fully complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure

and due process and is due and sufficient notice to all persons in the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.

10. JND Legal Administration is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as fully set forth in the Settlement Agreement. The Settlement Administrator may proceed with the distribution of the Notice as set forth in the Settlement Agreement. The Court hereby directs the Parties and Settlement Administrator to complete all aspects of the Notice plan within 14 days, or by November 2, 2020.

11. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Notice on or before January 4, 2021. The Court hereby approves as to form and content the Claim Form attached to the Settlement Agreement as Exhibit A.

12. All Claim Forms must be either mailed via U.S. Mail to the address specified in the Claim Form or be electronically submitted to the Settlement Administrator via the Settlement Website no later than January 4, 2021. Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance with the Settlement Agreement shall not be entitled to receive any portion of the Settlement Fund.

13. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing no later than December 14, 2020. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Thome v. NOVAtime Technology, Inc.*, 1:19-cv-06256 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement

Administrator on or before the Objection/Exclusion Deadline. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Thome v. NOVAtime*, 1:19-cv-06256 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by the Settlement Agreement, if approved.

14. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or the Final Approval Order entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

15. Any Settlement Class Member (who has not excluded themselves) may comment in support of, or in opposition to, the Settlement Agreement at his or her own expense; provided, however, that all comments and objections must be (1) filed with the Court, and (2) e-mailed to Class Counsel and Defendant's Counsel no later than December 14, 2020. Any person in the Settlement Class who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address, (b) a statement why he or she believes himself or herself to be a member of the Settlement Class, (c) the specific grounds for the objection, (d) all

5

documents or writings that the Settlement Class Member desires the Court to consider, (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

16. Addresses for Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

| **Class Counsel:** | **Defendant's Counsel:** |
|---|---|
| Ryan F. Stephan<br>James B. Zouras<br>Andrew C. Ficzko<br>Stephan Zouras LLP<br>100 N. Riverside Plaza Suite 2150<br>Chicago, IL 60606<br>rstephan@stephanzouras.com<br>jzouras@stephanzouras.com<br>aficzko@stephanzouras.com<br><br>Brandon M. Wise<br>Peiffer Wolf Carr Kane<br>& Conway, APLC<br>818 Lafayette Ave., Floor 2<br>St. Louis, MO 63104<br>bwise@peifferwolf.com | Joseph M. Sokolowski<br>Fredrikson & Byron, P.A.<br>200 South 6th Street,<br>Suite 4000<br>Minneapolis, MN 55402<br>jsokolowski@fredlaw.com |
| **Settlement Administrator:**<br><br>JND Legal Administration<br>1100 2nd Ave., Suite 300<br>Seattle, WA 98101 | **Clerk of Court:**<br><br>U.S. District Court for the Northern District of Illinois, Eastern Division<br>219 S. Dearborn Street<br>Chicago, IL 60604 |

17. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement may appear at the Final Approval Hearing in person or through counsel to show cause

why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's requested Fee Award and/or the request for incentive award to the Class Representative are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

18. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement Agreement or Final Approval Order by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

19. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as incentive awards for the Class Representatives, in accordance with the terms of the Settlement Agreement, no later than February 4, 2021.

20. All papers in support of final approval of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

21. A hearing (the "Final Approval Hearing") shall be held before the Court on

**February 11, 2021 at 9:00 a.m.** via remote telephonic conference (or at such other time or location as the Court may without further notice direct) using the call-in number of **888-684-8852** and access code **746-1053** for the following purposes:

    (a)    to finally determine whether the applicable prerequisites for settlement class action treatment under Rule 23 of the Federal Rules of Civil Procedure have been met;

    (b)    to determine whether the Settlement is fair, reasonable, adequate, and made in good faith, and should be approved by the Court;

    (c)    to determine whether the Final Approval Order as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing Released Claims as set forth in the Settlement Agreement;

    (d)    to consider the application for a Fee Award to Class Counsel;

    (e)    to consider the application for incentive award to the Class Representative;

    (f)    to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

    (g)    to rule upon such other matters as the Court may deem appropriate.

22.    The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

23.    Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

24.    The Settlement Agreement and the proceedings and statements made pursuant to

the Settlement Agreement or papers filed relating to the Settlement or this Order, are not and shall not in any event be described or construed as, and/or used, offered or received against the Released Parties as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiffs; the validity of any Released Claim; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

25. The Court hereby authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) that shall be consistent in all material respects with the terms of the Final Approval Order and do not limit or impair the rights of the Settlement Class.

26. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

| | |
|---|---|
| **Notice to be completed by:** | **November 2, 2020** |
| **Objection/Exclusion Deadline:** | **December 14, 2020** |
| **Claims Deadline:** | **January 4, 2021** |
| **Fee Award Application:** | **February 4, 2021** |
| **Final Approval Submission:** | **February 4, 2021** |
| **Final Approval Hearing:** | **February 11, 2021 at 9:00 a.m.** |

**IT IS SO ORDERED.**

ENTERED: October 20, 2020 _____
Hon. Matthew F. Kennelly
U.S. District Court Judge
Northern District of Illinois