IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY THOME, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NOVATIME TECHNOLOGY, INC.,<br><br>*Defendant*. | Case No.: 1:19-CV-06256<br><br>Hon. Matthew F. Kennelly |

### [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiff Timothy Thome's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion") and Class Counsel's Unopposed Petition for Approval of Attorneys' Fees, Costs, and Service Award to the Class Representative ("Petition"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment (the "Final Approval Order") shall have the same meaning as ascribed to them in the Class Action Settlement Agreement and Release ("Settlement Agreement") between Plaintiff Timothy Thome ("Plaintiff"), for himself individually and on behalf of the Settlement Class, and Defendant NOVAtime Technology, Inc. ("Defendant" or "NOVAtime"). Plaintiff and Defendant are each referred to as a "Party" and are collectively referred to herein as the "Parties."

1

2. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated October 20, 2020. At that time, the Court preliminary certified a class of the following individuals:

> All individuals who were enrolled in a NOVAtime biometric timekeeping system and subsequently used a NOVAtime timeclock that utilized a fingerprint, hand-geometry, or other biometric verification method in the State of Illinois between August 14, 2014, and October 19, 2020.
>
> Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families, (2) the defendant, defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors or assigns of any such excluded persons.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the Settlement Class.

5. The Court has read and considered the papers filed in support of this Motion for entry of the Final Approval Order, including the Settlement Agreement and Exhibits thereto and supporting declarations.

6. The Court held a Final Approval Hearing on March 4, 2021, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

7. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, was entered into in good faith, and is in the best interests of the Settlement Class in light of

the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal. The complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, presided over by a neutral mediator, further support this finding.

8. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

9. The Court hereby finally approves the Settlement Agreement in the total amount of Fourteen Million One Hundred Thousand Dollars ($14,100,000.00), consistent and pursuant to the terms and conditions of the Settlement Agreement, including but not limited to the Confession of Judgment and Assignment of all of NOVAtime and its parent company Ascentis Corporation's rights under the applicable and relevant insurance policies as fully described in the Settlement Agreement. (*See* Exhibit 1 – NOVAtime Technology, Inc., Ascentis Corporation, and Ascentis Holdings, LP Confession of Judgment ("Confession of Judgment").

10. The persons who are listed on Exhibit A to this Order have made timely and valid requests for exclusion and are excluded from the Settlement Class and are not bound by this Final Approval Order.

11. For settlement purposes only, the Court confirms the appointment of Plaintiff Timothy Thome as Class Representative of the Settlement Class.

12. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

>Ryan F. Stephan
>James B. Zouras
>Andrew C. Ficzko
>STEPHAN ZOURAS, LLP
>100 N. RIVERSIDE PLAZA, SUITE 2150
>Chicago, Illinois 60606
>Tel: 312-233-1550
>rstephan@stephanzouras.com
>jzouras@stephanzouras.com
>aficzko@stephanzouras.com
>
>Brandon M. Wise
>PEIFFER WOLF CARR KANE & CONWAY, APLC
>818 Lafayette Avenue, Floor 2
>St. Louis, Missouri 63104
>Tel: 314-833-4825
>bwise@peifferwolf.com

13. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Action.

14. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order and Amended Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated,

4

under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Class and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

16. The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17. In this Order:

 a. "Released Claims" means any and all claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Illinois Biometric Information Privacy Act or other federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the collection, capture, storage, use, profit from, possession, disclosure, and/or dissemination of biometric data, including all claims that were brought or could have been brought in the Action, belonging to any and all Releasing Parties.

5

b. "Released Parties" means NOVAtime, Ascentis Corporation, Ascentis Holdings, LP and their current and former owners, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, attorneys, predecessors, and successors. This release also applies to Ptarmigan Underwriting Agency and related Underwriters limited solely to Ptarmigan Technology, Network Security and Privacy Liability Insurance Policy No. PUA19CP134AR/PUA19TP134AR issued to Ascentis Holdings, LP (collectively, "Ptarmigan") and Ptarmigan reinsurers.

Released Parties shall not include any entity that manufactured, sold, or otherwise provided NOVAtime with any finger-scan and/or hand-scan technology, or any portion thereof (whether software or hardware), even if such an entity would fall within this definition.

Released Parties shall not include NOVAtime's clients, even if such client would fall within this definition. This exclusion includes, but is not limited to, all Illinois employers or other entities to whom NOVAtime leased, sold, or otherwise provided finger-scan and/or hand-scan timeclocks, and any service involving finger and/or hand data related to such timeclocks.

Released Parties shall not include Axis Insurance Company and/or those Underwriters that issued the Axis Policy No. MLN635765/ 01/2019 and Axis Policy No. P-001-000247286-01 (collectively "Axis") as well as Axis' reinsurers and CNA, even if such an entity would fall within this definition. To the extent any of the Ptarmigan reinsurers are the same as Axis reinsurers, such reinsurers are not released.

c. "Releasing Parties" means Plaintiff and other Settlement Class Members and their respective past, present and future heirs, children, spouses, beneficiaries, conservators, executors, estates, administrators, and assigns.

18. Upon the Effective Date, the Releasing Parties shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged any and all Released Claims against the Released Parties, or any of them.

19. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

21. The Court approves payment of Class Counsel's attorneys' fees in the amount of $1,365,300.00 and costs in the amount of $23,401.52. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement

7

and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated in good faith at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought.

22. The Court approves settlement administration expenses in an amount not to exceed $150,000.00.

23. The Court approves an incentive award in the amount of $7,500.00 (Seven Thousand Five Hundred Dollars) for the Class Representative, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

24. To the extent a *cy pres* award is made pursuant to the Settlement Agreement, such award will be distributed as follows: 50% to Greater Chicago Food Depository and 50% to 360 Youth Services.

25. Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the other Released Parties of any fault, omission,

liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendant or any of the other Released Parties. The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

26. The objection to the Settlement Agreement is overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order.

27. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

28. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

**IT IS SO ORDERED.**

ENTERED: 3-8-2021

Hon. Matthew F. Kennelly
United States District Court Judge
Northern District of Illinois, Eastern Division

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY THOME, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:19-cv-06256 |
| v. ) ) | Honorable Matthew F. Kennelly |
| NOVATIME TECHNOLOGY, INC., ) ) | |
| Defendant. ) ) | |

### DEFENDANTS' NOVATIME TECHNOLOGY, INC., ASCENTIS CORPORATION, AND ASCENTIS HOLDINGS, LP CONFESSION OF JUDGMENT

I, Aditya Bharadwaj, General Counsel of NOVAtime Technology, Inc. and Ascentis Corporation, and I, Brandon Grinwis, Chief Financial Officer of Ascentis Holdings, LP (hereinafter collectively referred to as "NOVAtime"), do and hereby confess judgment on behalf of NOVAtime and in favor of Timothy Thome, individually and on behalf of all those similarly situated, for the sum of Fourteen Million One Hundred Thousand Dollars ($14,100,000.00), and do authorize Judge Matthew F. Kennelly, or any judge sitting in his stead in the United States District Court for the Northern District of Illinois, to enter judgement for such sum against NOVAtime, jointly and severally, in favor of Timothy Thome, individually and on behalf of all those similarly situated, on this confession.

This Confession of Judgment is for money justly due to Timothy Thome and a class of similarly situated individuals, arising from the following facts:

(a) Timothy Thome filed this putative class action against NOVAtime;

(b) Aditya Bharadwaj is the General Counsel of NOVAtime Technology, Inc. and has the right and authority to bind NOVAtime Technology, Inc. to the terms of this Confession of Judgment and willingly does so.

(c) Aditya Bharadwaj is the General Counsel of Ascentis Corporation and has the right and authority to bind Ascentis Corporation to the terms of this Confession of Judgment and willingly does so.

(d) Brandon Grinwis is the Chief Financial Officer of Ascentis Holdings LP and has the right and authority to bind Ascentis Holdings, LP to the terms of this Confession of Judgment and willingly does so.

(e) NOVAtime is represented by experienced counsel in this matter, and further has in-house counsel that has offered advice on this matter.

(f) The Amended Class Action Complaint (Dkt. No. 45) alleges various causes of action arising from violations of the Illinois Biometric Information Privacy Act ("BIPA") 740 ILCS 740/1, *et seq*.

(g) For purposes of this Confession of Judgment, NOVAtime admits the allegations in the Amended Class Action Complaint.

(h) BIPA provides a prevailing party may recover for each violation against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater. 740 ILCS 14/20.

(i) For purposes of this Confession of Judgment, NOVAtime admits that Timothy Thome is a prevailing party for purposes of BIPA.

(j) NOVAtime admits that it captured, collected, stored and disseminated the biometric data of approximately 62,078 Illinois citizens, including Timothy Thome and those similarly situated.

(k) For purposes of this Confession of Judgment, NOVAtime admits that the statutory damages for one negligent violation of BIPA for the 62,078 Illinois citizens referenced above is $62,078,000.

(l) NOVAtime has agreed to settle the Class Action Litigation for the sum of Fourteen Million One Hundred Thousand Dollars ($14,100,000.00).

(m) Timothy Thome and those similarly situated agree that other than Four Million One Hundred Thousand Dollars ($4,100,000.00), Plaintiff will not seek to enforce the remaining balance of this Confession of Judgment against NOVAtime, Ascentis Corporation, Ascentis Holdings, and/or Ptarmigan.

(n) For purposes of this Confession of Judgment, NOVAtime admits that their liability exposure to Timothy Thome and those similarly situated under BIPA (740 ILCS 14/20) is at least $14,100,000.00.

Dated: Oct 16, 2020

*Adi Bharadwaj*
ADITYA BHARADWAJ, OFFICER OF NOVATIME TECHNOLOGY, INC.

Dated: Oct 16, 2020

*Adi Bharadwaj*
ADITYA BHARADWAJ, OFFICER OF ASCENTIS CORPORATION

Dated: Oct 16, 2020

*Brandon Grinwis*
BRANDON GRINWIS, OFFICER OF ASCENTIS HOLDINGS, LP

# EXHIBIT A

# **EXHIBIT A**

**Individuals who have timely submitted a request to be excluded from the Settlement Class:**

1. Abel Hernandez;
2. Teresa Prudencio Hernandez; and
3. Vincent Broenneke.