IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY THOME, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-06256 |
| *Plaintiff,* | Honorable Matthew F. Kennelly |
| v. | |
| NOVATIME TECHNOLOGY, INC., | |
| *Defendant*. | |

### FINAL APPROVAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiff Unopposed Motion for and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:**

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning to them as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Plaintiff's and Class Members' claims pending before it ("Action") and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated March 15, 2024. At that time, the Court preliminary certified a class of the following individuals:

> **All individuals who were enrolled in a NOVAtime biometric timekeeping system and subsequently used a NOVAtime timeclock that utilized a**

1

**fingerprint, hand-geometry, or other biometric verification method in the State of Illinois from August 14, 2014, and October 19, 2020.**

**Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this action and members of their families, (2) the defendant, defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest, (3) persons who previously properly executed and filed a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors or assigns of any such excluded persons.**

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the Settlement Class.

5. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and exhibits thereto and supporting declarations.

6. The Court held a Final Approval Hearing on June 28, 2024, at which time the Parties and all other interested persons were afforded the opportunity to be heard.

7. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, was entered into in good faith and without collusion, and is in the best interest of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal. The complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, presided over by a neutral mediator, further support this finding.

8. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Release of claims against the released parties. The Court finds that the

consideration to be paid to participating Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

9. The Court hereby finally approves the Settlement Agreement in the total amount of Four Million Two Hundred Thousand Dollars ($4,200,000.00), consistent with and pursuant to the terms and conditions of the Settlement Agreement.

10. For settlement purposes only, the Court confirms the appointment of Plaintiff Timothy Thome as Class Representative of the Settlement Class.

11. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> **Ryan F. Stephan**
> **James B. Zouras**
> **Andrew C. Ficzko**
> **STEPHAN ZOURAS, LLC**
> **222 WEST ADAMS STREET, SUITE 2020**
> **Chicago, Illinois 60606**
> **Tel: 312-233-1550**
> **rstephan@stephanzouras.com**
> **jzouras@stephanzouras.com**
> **aficzko@stephanzouras.com**
>
> **Brandon M. Wise**
> **Peiffer Wolf Carr Kane & Conway, APLC**
> **818 Lafayette Avenue, Floor 2**
> **St. Louis, Missouri 63104**
> **Tel: 314-833-4825**
> **bwise@peifferwolf.com**

12. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those

3

common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Action.

13. The Court has determined that the Notices given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to participate in the Action and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

14. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

15. The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

16. Upon the Effective Date and in consideration of the payment of the Settlement Fund and the releases, agreements, and covenants contained in the Settlement Agreement, the Thome Plaintiffs, on their own behalf and on behalf of all of their past, present, and future agents, representatives, trustees, employees, attorneys, partners, successors, heirs, executors, administrators, principals, assigns, and all other persons claiming rights through them, covenant

and agree to fully, irrevocably and forever release and discharge AXIS Insurance Company from any and all claims, causes of action, liabilities, obligations, demands, suits, debts, sums of money due or owed, expenses, damages, attorneys' fees, torts, injuries or losses, of whatever kind or character, whether known or unknown, anticipated or unanticipated, suspected or unsuspected, absolute, fixed, conditional or contingent, and whether arising from contract, tort or otherwise, arising out of or in connection with: the Underlying Lawsuit, the Underlying Settlement Agreement, the Coverage Action, and the AXIS Policies.

17. The Court finally approves the Release provided in the Settlement Agreement. Upon the Effective Date, the releasors shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged any and all released claims against the released party.

18. The Court further adjudges that, upon entry of this Order and as described herein, the Settlement Agreement and the above-described Release will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not previously, validly, and timely exclude themselves from the Underlying Settlement Agreement, and their respective predecessors, successors, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. The released party may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Plaintiff and all Settlement Class Members who did not previously, validly, and timely exclude themselves from the Underlying Settlement Agreement, are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the released claims or any of the claims described in the Settlement Agreement against the released party.

20. To the extent a *cy pres* award is made pursuant to the Settlement Agreement, such award will be distributed to the Illinois Equal Justice Foundation.

21. Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant of any fault, omission, liability, or wrongdoing, or of the validity of any of the released claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendant. The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

22. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order of dismissal with prejudice and to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

23. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

24. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

**IT IS SO ORDERED.**

ENTERED: 6/28/2024

_____
Hon. Matthew F. Kennelly
United States District Court Judge
Northern District of Illinois, Eastern Division